David C. Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
FAX: (209) 579-9420

Attorney for Debtor in Possession
B & B Environmental Safety, Inc.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re

B & B Environmental Safety, Inc.,

    Debtor.
_____/

Case No. 20-23414

Chapter 11 - Subchapter V

Official Form 425A

**AMENDED PLAN OF REORGANIZATION FOR
SMALL BUSINESS UNDER CHAPTER 11**

**B & B ENVIRONMENTAL SAFETY, INC.'S AMENDED
PLAN OF REORGANIZATION DATED DECEMBER 10, 2020**

**Background for Cases Filed Under Subchapter V**

**A. Description and History of Debtor's Business.**

    The Debtor is a California corporation which was incorporated on January 2, 2007. Since that date, its business has been testing and disposing of hazardous waste products, primarily on land and facilities owned by a state or federal government. The change of administration in Washington, D.C. in 2017 led to a substantial decline in the federal

government's interest in cleaning up hazardous environmental waste. In turn, as government contracts were completed, new contracts did not replace them. In 2018, the Debtor's gross revenues were $2,487,692. In 2019, with few new contracts, the Debtor's gross revenues dropped more than 93% to only $154,468. For the first ten months of 2020, gross revenues were only $118,852.

As revenues dropped, the Debtor was forced to borrow money at interest rates approaching 50% per year with weekly payments deducted from the Debtor's bank account. The Debtor's president, Kenneth S. Baugh, also began loaning money to keep the Debtor operating.

**B. Liquidation Analysis.**

A liquidation analysis is not attached to the Plan because it is such a simple analysis. There are three secured creditors who have valid UCC-1 financing statements filed essentially on all assets in this order and have balances as follows:

| | |
|---|---:|
| Bank of the West: UCC-1 filed 3/29/13; renewed 2/13/18: | $300,000 |
| On Deck Capital, Inc.: UCC-1 filed 4/1/17: | 50,000 |
| The Business Backer: UCC-1 filed 8-2-18: | 85,000 |
| Total secured claims: | $435,000 |

The total value of assets scheduled by the Debtor were $474,964, based on an optimistic valuation of remediation equipment of $450,000. If this remediation equipment could be liquidated for this value with expenses of 10% for liquidation, the net proceeds from all assets would be $429,964, less than the secured claims which would have to be satisfied from such proceeds. Because of the three secured claims, there would be no funds at all for payment of administrative claims (trustee, attorney, accountant, appraiser, auctioneer) whether a liquidation occurred in this Chapter 11 case or in a Chapter 7 case.

In a liquidation, creditors holding general unsecured claims would receive nothing. By contrast, the Plan provides for a dividend of 20% on non-insider general unsecured claims.

B & B Environmental Safety, Inc.'s Amended
Plan of Reorganization Dated December 10, 2020   Page 2

**C. Ability to Make Future Plan Payments and Operate Without Further Reorganization.**

The Plan Proponent must show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

The Plan Proponent will file detailed financial projections which will be served with this Plan when the Court enters an order setting a hearing on confirmation of this Plan. .

The Plan Proponent's financial projections will show that the Debtor will have projected disposal income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of at least $9,400 per month, which is total of payments required under this Plan.

The final Plan payment is expected to be paid on February 1, 2026.

**Article 1: Summary.**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of B & B Environmental Safety, Inc., (the "Debtor") from cash flow from future operations over a five year period.

This Plan provides for:

1 class of priority claims;

3 classes of secured claims;

2 classes of non-priority unsecured claims; and

1 class of equity security holders.

Non-priority unsecured creditors (excluding insiders) holding allowed claims will receive distributions, which the proponent of this Plan has valued at 20 cents on the dollar. This Plan also provides for full payment of administrative and priority tax claims. Finally, this Plan also provides for the full payment of allowed secured claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this

Plan for information regarding the precise treatment of their claim.

**ATTENTION CREDITORS AND EQUITY SECURITY HOLDERS:**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

_____

**Article 2: Classification of Claims and Interests.**

**2.01. Class 1.** All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8).

**2.02. Class 2.** The secured claim of Bank of the West.

**2.03. Class 3.** The secured claim of On Deck Capital, Inc.

**2.04. Class 4.** The secured claim of The Business Backer.

**2.05. Class 5.** All allowed non-priority unsecured claims held by non-insiders.

**2.06. Class 6.** All allowed non-priority unsecured claims held by insiders.

**2.07. Class 7.** Equity interests in the Debtor.

_____

**Article 3: Treatment of Administrative Expense Claims,**

**Priority Tax Claims, and Quarterly and Court Fees.**

**3.01. Unclassified claims.** Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

**3.02. Administrative expense claims.** Each holder of an administrative expense claim allowed under § 503 of the Code will be paid upon the effective date in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The two administrative expense claims are David C. Johnston, attorney for the Debtor, whose fees will be not more than $7,500, and Lisa Holder, the Subchapter V Trustee, whose fees will be not

more than $7,500.  Administrative expense claims will not be paid until the Court allows them. No applications for allowance of fees have been filed.

**3.03. Priority tax claims.** Each holder of a priority tax claim will be paid on the effective date.

**3.04. Statutory fees.**  All fees, if any, required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date have been paid or will be paid on or before the effective date.

**3.05. Prospective quarterly fees.** All quarterly fees, if any, required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

_____

**Article 4: Treatment of Claims and Interests Under the Plan.**

**4.01. Claims and interests shall be treated as follows under the Plan:**

**Class 1 - Priority claims. *Unimpaired*.** This class is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the effective date.

**Class 2 - Secured claim of Bank of the West.  *Impaired.*** This class is impaired but will be paid in full, with interest at 5% per annum from the petition date, with payments of $5,600 per month, commencing March 1, 2021, and continuing for 60 months or until paid, whichever comes first.

**Class 3 - Secured claim of On Deck Capital, Inc.  *Impaired.*** This class is impaired but will be paid in full, with interest at 5% per annum, with payments of $950 per month, commencing March 1, 2021, and continuing for 60 months or until paid, whichever comes first.

**Class 4 - Secured claim of The Business Backer.  *Impaired.*** This class is impaired but will be paid in full, with interest at 5% per annum from the petition date, with payments of $1,600 per month, commencing March 1, 2021, and continuing for 60 months or until paid,

whichever comes first.

**Class 5 - Non-priority unsecured claims held by non-insiders. *Impaired.*** This class is impaired and will collectively receive $1,250 per month, commencing March 1, 2021, and continuing for 60 months or until a 20% dividend has been paid, whichever comes first. Each creditor's monthly dividend will be based on a pro rata division of the monthly payment based on the creditor's claim compared to all claims in the class.

**Class 6 - Non-priority unsecured claims held by insiders. *Impaired.*** This class is impaired and holders of claims in this class will receive nothing.

**Class 7 - Equity interests in the Debtor. *Unimpaired.*** The holders of shares in the Debtor will be unaffected by the Plan.

_____

## Article 5: Allowance and Disallowance of Claims.

**5.01. Disputed claim.** A disputed claim is a claim that has not been allowed or disallowed, and as to which either:

(I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor such scheduled such claim as disputed, contingent, or unliquidated.

**5.02. Delay of distribution on a disputed claim.** No distribution will be made on account of a disputed claim until such claim is allowed by a final non-appealable order.

**5.03. Settlement of disputed claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

_____

## Article 6: Provisions for Executory Contracts and Unexpired Leases.

**6.01. Assumed executory contracts and unexpired leases.**

Case 20-23414

(a) The Debtor does not have any executory contracts or unexpired leases to assume, and therefore assumes none.

(b) Except for executory contracts and unexpired leases that have been assumed before the effective date, or under Section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan.

The Debtor has sufficient cash to pay all allowed unclassified claims and Class 1 claims (nominal).

The Debtor expects to have sufficient *cash flow* commencing in February, 2021 to make the monthly payments required for Classes 2 through 5 pay all classes of creditors (except insiders) and allowed unclassified claims not previously paid.

The Plan is relatively simple. Allowed unclassified claims and priority claims will be paid upon confirmation of the Plan. Subsequent allowed unclassified claims (such as expenses of administration) will be paid as the Court allows them. Secured creditors will be paid in full, with interest at 5% per annum, over 60 months. Non-insider non-priority unsecured creditors will be paid 20 cents on the dollar over the same 60 months.

### Article 8: General Provisions.

**8.01. Definitions and rules of construction.** The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

B & B Environmental Safety, Inc.'s Amended
Plan of Reorganization Dated December 10, 2020    Page 7

**8.02. Effective date.** The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03. Severability.** If any provisions in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04. Binding effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors and assigns of such entity.

**8.05. Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06. Controlling effect.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07. Corporate governance.** After confirmation of the Plan, the sole director and officer will continue to be Kenneth S. Baugh. He does not presently receive compensation for his services, and he will not receive compensation for his services after confirmation of the Plan. No insiders will receive compensation for services after confirmation of the Plan.

**8.08. Retention of jurisdiction.** The Court will retain jurisdiction after the effective date with respect to matters which are necessary to carry out the provisions of this Plan, including but not limited to the following matters:

(a) To hear and determine objections to claims, and to allow or disallow claims, including claims arising from the rejection of executory contracts;

(b) To hear and determine actions to avoid and recover preferential transfers under 11

U.S.C. § 547;

(c) To hear and determine disputes as to the nature, extent, and validity of liens;

(d) To fix and award compensation to professional persons;

(e) To recover all assets of the Debtor, wherever located, to the extent necessary for the consummation of this Plan;

(f) To interpret the provisions of this Plan, and to make any orders which may be necessary or convenient to carry out the provisions of this Plan; and

(g) To administratively close the case and to reopen it in the future.

---

**Article 9: Discharge.**

**9.01.** If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(6) of the Code, except that the Debtor will not be discharged of any debt:

(I) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

**9.02.** If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(I) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1191; or

/////

/////

/////

/////

B & B Environmental Safety, Inc.'s Amended
Plan of Reorganization Dated December 10, 2020    Page 9

<s>

(ii) except from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated: December 10, 2020.

Respectfully submitted,

B & B Environmental Safety, Inc., Plan Proponent

*/s/ Kenneth S. Baugh*
By:_____
Kenneth S. Baugh, President

*/s/ David C, Johnston*
_____
David C. Johnston
Attorney for Debtor
B & B Environmental Safety, Inc.